UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

**FILED**
SEP 2 4 2015

| | |
|---|---|
| SHELLEY RAE HIGH BEAR,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK J. MCCANN, CODINGTON CO.;<br>AND GRAHAM OEY, HUGHES CO.;<br><br>Defendants. | 1:15-CV-01026-CBK<br><br>ORDER |

    Plaintiff filed a pro se complaint alleging that her husband was arrested for violating a no contact order issued by an Iowa state court judge. She seeks an order informing defendants that the no contact order is unlawful, overbearing, and impossible for her husband to fulfill. She also seeks $500,000 in damages.

    Plaintiff has filed an application to proceed without the prepayment of fees. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's sound discretion. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "The in forma pauperis statute . . . is designed to ensure 'that indigent persons will have equal access to the judicial system.'" Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000) (*quoting* Greaser v. State of Mo. Dep't of Corrections, 145 F.3d 979, 985 (8th Cir. 1998)). However, other than in criminal cases, "[a]n in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

    The Court is satisfied that the plaintiff is indigent under 28 U.S.C. § 1915(a)(1). However, that does not end the inquiry. I must screen the plaintiff's claims to determine whether the action

   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

  Pros se complaints must be liberally construed. Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 292-93, 50 L.Ed.2d 251 (1976). However, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

  Plaintiff stated in her civil cover sheet that the nature of her suit is a civil rights claim and that the basis of this Court's jurisdiction is diversity. She cites no civil rights statute in her complaint or in her civil cover sheet and I can discern no civil rights statute that would entitle her to relief in federal court. She claims this Court has diversity jurisdiction yet she states that she and both defendants reside in South Dakota. In addition, she seeks to vindicate alleged wrongs against her husband and she has alleged no facts showing that she has standing to do so.

  Plaintiff has failed to state a claim upon which relief can be granted and it appears this Court lacks jurisdiction to entertain her claims. She was advised by me on June 19, 2015, that her application to proceed without the prepayment of the filing fee would be denied and her case would not proceed until she paid the filing fee. She has not done so.

  Now, therefore,

  IT IS ORDERED that the motion, Doc. 3, to proceed without the prepayment of fees is denied.

  IT IS FURTHER ORDERED that this matter is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

  DATED this 23rd day of September, 2015.

         BY THE COURT:

         CHARLES B. KORNMANN
         United States District Judge